**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AYLO FREESITES LTD,<br><br>Plaintiff,<br><br>v.<br><br>DISH TECHNOLOGIES L.L.C. and SLING TV L.L.C.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Aylo Freesites Ltd ("Plaintiff" or "Aylo") for its Complaint against DISH Technologies L.L.C. and Sling T.V. L.L.C. (collectively "Defendants" or "DISH") by and through its attorneys, allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and for other relief the Court deems just and proper.

2. This declaratory judgment action seeks a determination that the accused "Pornhub Streaming Services," including, e.g., the website www.pornhub.com and the website www.pornhubpremium.com (collectively, the "Accused Websites"), do not infringe and have not infringed, either directly (literally or under the doctrine of equivalents) or indirectly, under 35 U.S.C. § 271 (or any sub-section thereof) at least:

- Claim 10 of United States Patent No. 10,469,555 (the "'555 Patent") (Exhibit A);
- Claim 1 of United States Patent No. 10,757,156 (the "'156 Patent") (Exhibit B); and
- Claim 14 of United States Patent No. 11,470,138 (the "'138 Patent") (Exhibit C)

(collectively, the "Asserted Patents"). The Accused Websites listed above are exemplary and any additional websites operated by Aylo and related entities are non-infringing for at least the same or similar reasons as set forth below.

3. Aylo respectfully requests this relief because on July 7, 2023, DISH accused the "Pornhub streaming services and products," which includes the Accused Websites, of infringing the above claims. DISH served three claim charts and stated, "Please find attached exemplary claim charts showing how three of DISH's ABR patents read on MindGeek's streaming services." Exhibit D (cover email); Exhibits E-G (three claim charts).

4. Aylo entities recently underwent a rebranding and changed its name from "MindGeek" or "MG" to "Aylo." At the time of the correspondence between the parties the name change was not yet in effect.

5. Aylo files this declaratory judgment action to remove the cloud of uncertainty regarding DISH's infringement allegations.

**PARTIES**

6. Aylo Freesites Ltd ("Aylo Freesites," f/k/a MG Freesites Ltd) is a private limited company organized and existing under the laws of the Republic of Cyprus, with a place of business located at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540.

7. Aylo Freesites operates the Accused Websites.

8. Upon information and belief, DISH Technologies L.L.C. f/k/a EchoStar Technologies L.L.C. ("DISH Technologies") is a limited liability company organized and existing under the laws of the State of Colorado, with a place of business at 9601 South Meridian Blvd,

Englewood, CO 80112. *See DISH Technologies L.L.C v. ICON Health & Fitness, Inc.*, No. 1-21-cv-00531, D.I. 1, at 1 (D. Del.).

9. Upon information and belief, DISH Technologies is the sole owner of the Asserted Patents.

10. Upon information and belief, Sling T.V. L.L.C. ("Sling TV") is a limited liability company organized and existing under the laws of the state of Colorado, with a place of business at 9601 South Meridian Blvd, Englewood, CO 80112. *See DISH Technologies L.L.C v. ICON Health & Fitness, Inc.*, No. 1-21-cv-00531, D.I. 1, at 1 (D. Del.).

11. Upon information and belief, Sling TV is an exclusive licensee of the Asserted Patents.

**JURISDICTION AND VENUE**

12. This Court has subject-matter jurisdiction over this action, which arises under the Patent Laws of the United States (35 U.S.C. § 1, *et seq.*), under 28 U.S.C. §§ 1331 and 1338(a) and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 based on an immediate, definite and concrete, real and substantial, justiciable controversy between Aylo and DISH regarding noninfringement of the Asserted Patents.

13. The Court has specific personal jurisdiction over DISH pursuant to Delaware's Long Arm Statute, 10 Del. C. § 3104, and the Due Process Clause of the Fourteenth Amendment by virtue of the DISH's contacts with Delaware.

14. As described below, DISH has purposefully availed itself of the privileges of doing business in the State of Delaware including through its litigation campaign in the District of Delaware of all of the Asserted Patents as well as related patents. And, upon information and belief, DISH has entered into settlement agreements under the laws of the State of Delaware with

Delaware corporations including providing licenses for the Asserted Patents and related patents, which further show a legal presence in the State under 10 Del. C. §§ 3104(b) and (c)(1).

15. DISH has repeatedly and extensively campaigned in Delaware to enforce the Asserted Patents and related patents. This action arises out of and relates to DISH's patent enforcement activities directed toward Delaware and residents of Delaware.

16. For example, on March 17, 2023, DISH sent a letter to Aylo alleging infringement of at least the '156 Patent based on Aylo's alleged implementation of Apple's HTTP Live Streaming (HLS) protocol. (Exhibit D).

17. Upon information and belief, on or around that same day, DISH began its enforcement activities against each of fuboTV, Beachbody (BODi), A Parent Media, and Yanka Industries (MasterClass) (collectively, "Delaware-resident defendants") by sending each of them essentially the same letter that DISH sent to Aylo alleging infringement by allegedly implementing HLS.

18. DISH ultimately sued each Delaware-resident defendant for infringement of the Asserted Patents and related patents after failing to extract licenses from them, as set forth in Paragraphs 24-27 below.

19. Aylo's declaratory judgment claims arises out of this same enforcement activity directed to the Delaware-resident defendants.

20. In April of 2021, DISH sued Delaware-incorporated iFIT (f/k/a/ ICON Health & Fitness) in Delaware asserting infringement of the '156 Patent, '555 Patent, and related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1:21-cv-00531-GBW (D. Del.), D.I. 1. Upon information and belief, iFIT's corporate headquarters is in Utah.

21. The same day, DISH also sued Delaware-incorporated lululemon in Delaware asserting the '156 Patent, '555 Patent, and related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. Lululemon Athletica Inc. et al*, No. 1:21-cv-00532-GBW (D. Del.), D.I. 1.

22. Even before these lawsuits, DISH asserted patents in the same family as the Asserted Patents against Delaware-incorporated Univision Communications in Delaware. *See DISH Technologies L.L.C. and Sling TV L.L.C. v. Univision Communications Inc.*, No. 1:19-cv-00144-LPS (D. Del.), D.I. 1 (asserting family member United States Patent Nos. 7,818,444; 8,402,156; and 9,407,564).

23. On September 1, 2023, DISH sued Delaware-incorporated iFIT again in Delaware this time asserting the '138 Patent and another related patent. *See DISH Technologies L.L.C and Sling TV L.L.C. v. iFIT Health & Fitness, Inc. (f/k/a ICON Health & Fitness, Inc.)*, No. 1:23-cv-00963-GBW (D. Del.), D.I. 1.

24. On September 6, 2023, DISH sued Delaware-incorporated fuboTV Media Inc. in Delaware asserting the '156 Patent, the '555 Patent, and the '138 Patent as well as related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del.), D.I. 1. Upon information and belief, before filing suit, DISH sent fuboTV a series of letters beginning in May 2019 alleging that fuboTV infringed the Asserted Patents and related patents and offered a license. *Id.* at ¶¶ 37-48.

25. On September 6, 2023, DISH sued Delaware-incorporated Beachbody, LLC (d/b/a BODi) in Delaware asserting the '156 Patent, the '555 Patent, and the '138 Patent as well as related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. Beachbody, LLC (d/b/a BODi)*, No. 1:23-cv-00987-GBW (D. Del.), D.I. 1. Upon information and belief, before

filing suit, DISH sent Beachbody a letter on March 17, 2023 alleging that Beachbody infringed the ’156 Patent and related patents and offered a license. *Id.* at ¶ 36.

26. On September 8, 2023, DISH sued Delaware-incorporated A Parent Media Co. USA Inc. and a related foreign company, A Parent Media Co. Inc., in Delaware asserting the ’156 Patent, the ’555 Patent, and the ’138 Patent as well as related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. A Parent Media Co. Inc. and A Parent Media Co. USA Inc.*, No. 1:23-cv-01000-GBW (D. Del.), D.I. 1. Upon information and belief, before filing suit, DISH sent A Parent Media a letter on March 17, 2023 alleging that A Parent Media infringed the ’156 Patent and related patents and offered a license. *Id.* at ¶ 38.

27. On November 15, 2023, DISH sued Delaware-incorporated Yanka Industries, Inc. (d/b/a MasterClass) in Delaware asserting the ’156 Patent, the ’555 Patent, and the ’138 Patent as well as related patents. *See DISH Technologies L.L.C and Sling TV L.L.C. v. Yanka Industries, Inc. (d/b/a MasterClass)*, No. 1:23-cv-01305-GBW (D. Del.), D.I. 1. Upon information and belief, before filing suit, DISH sent MasterClass a letter on March 17, 2023 alleging that MasterClass infringed the ’156 Patent and related patents and offered a license. *Id.* at ¶ 33.

28. The series of lawsuits initiated by DISH in Delaware against residents of Delaware identified above bear a logical relationship to this Complaint because they alleged infringement of the Asserted Patents.

29. The claims of this Complaint further arise out of and relate to the same enforcement activity DISH has pursued against at least Delaware-resident defendants Beachbody, A Parent Media, fuboTV, and MasterClass because the claims of this Complaint stem from the same wave of DISH enforcement activity including DISH’s nearly identical March 17, 2023

enforcement letters that each culminated in DISH filing infringement actions against Delaware-resident defendants.

30. DISH has purposefully directed its enforcement activity at Delaware by repeatedly asserting the Asserted Patents against Delaware corporations in Delaware. *See* Paragraphs 15-27.

31. All of the above Delaware actions that are still pending are before Judge Gregory B. Williams.

32. DISH has accused "Pornhub streaming services and products," which include the Accused Websites, of infringing the same Asserted Patents that it has repeatedly asserted in Delaware against the Delaware-resident defendants and Delaware-incorporated entities.

33. Additionally, DISH has asserted two of the Asserted Patents (the '156 Patent and the '555 Patent) against Delaware residents iFIT, lululemon, and Peloton at the International Trade Commission (ITC) and litigated that action through final determination. *See Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265 (ITC). Delaware incorporated iFIT has appealed the ITC's determination to the Federal Circuit, and that appeal is pending. *See iFIT Inc. (f/k/a ICON Health & Fitness, Inc.), FreeMotion Fitness, Inc., and NordicTrack, Inc. v. ITC and DISH DBS Corporation, DISH Technologies L.L.C., and Sling TV L.L.C.*, No. 2023-1965.

34. Following the initial determination at the ITC, upon information and belief, DISH further purposefully availed itself of the protections and privileges of the State of Delaware by entering into settlement agreements with Delaware corporations lululemon and Peloton on at

least two of the Asserted Patents. *See* No. 1:21-cv-00532-GBW, D.I. 14; https://www.law360.com/articles/1604881/peloton-will-pay-dish-75m-to-avoid-import-ban.

35. Further, upon information and belief, those settlement agreements each included a license to the Asserted Patents and related Patents, and at least the Peloton settlement agreement was entered into under the laws of Delaware. *See* https://www.law360.com/articles/1604881/attachments/3 at 10.05 ("This Agreement shall be interpreted, construed, enforced in accordance with, and governed by, the laws of the State of Delaware. In the event that there is a lawsuit between any of the Parties arising from, related to, or in connection with, this Agreement, including to its interpretation or performance, then the Parties agree that such lawsuit shall be venued in the United States District Court for the District of Delaware"), Schedule A (listing Asserted Patents and related patents).

36. Thus, DISH further purposefully availed itself of Delaware by not only repeatedly directing its patent enforcement activities to the forum and residents of Delaware, but also by engaging in negotiations and entering into settlement and patent licensing agreements with residents of Delaware under the laws of the State of Delaware and consenting to jurisdiction for any disputes that arise therefrom in Delaware.

37. Further, DISH has consented to jurisdiction in Delaware before—including in a current case pending before Judge Williams. *See CyberFone Systems LLC v. Echostar Technologies LLC et al*, No. 1:11-cv-00835-SLR (D. Del.), D.I. 18 at ¶ 7 ("Dish admits that it is subject to personal jurisdiction in this District"); *TQ Delta LLC v. DISH Network Corporation et al*, No. 1:15-cv-00614-GBW (D. Del), D.I. 24 at ¶ 7; *CRFD Research Inc. v. Dish Network Corporation et al*, No. 1:14-cv-00064-GMS (D. Del.), D.I. 11 at ¶ 10.

38. DISH has also asserted a Declaratory Judgment action for non-infringement in this District specifically reasoning that Delaware was an "[a]ppropriate [f]orum" because "[t]his Court has significant experience with patent infringement actions" and "will provide a prompt and efficient resolution of [the] issues." *Dish Network Corporation et al v. TiVo Inc.*, No. 1:08-cv-00327-JJF (D. Del.), D.I. 19 at 13-14.

39. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

40. Venue for purposes of a declaratory-judgment action regarding noninfringement of a patent does not fall under § 1400(b), but instead falls under the general venue provisions of 28 U.S.C. § 1391.

41. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. A corporate defendant "reside[s] . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

42. Because Defendants are subject to the personal jurisdiction of the District of Delaware for this action as detailed above, Defendants are deemed to reside in the District of Delaware under 28 U.S.C. § 1391(c)(2) for purposes of venue.

43. Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

<u>Initial Correspondence</u>

44. On March 17, 2023, DISH sent "MindGeek Montreal" a letter stating that "DISH owns a portfolio of patent assets directed to adjustable bit-rate video streaming technology," as well as contending that MindGeek's technology "appears to be covered by, for

example, claim 1 of the ’156 Patent” and “MindGeek would benefit from a license to the ’156 Patent and other DISH patents in this portfolio . . . .” Exhibit H.

45. In the March 17 letter, MindGeek (now Aylo) was directed to DISH’s ITC investigation against iFIT, Peloton, and lululemon “finding that products being imported into the U.S. are infringing the ’156 Patent and other patents in this portfolio.” *Id.*

46. On April 13, 2023, counsel for Aylo responded that they were reviewing the “allegations therein, and will be in touch.” Exhibit I.

<u>Claim Charts Alleging Infringement of Aylo Freesites-operated Pornhub</u>

47. On July 7, 2023, counsel for Aylo received an email stating, “I write to follow-up regarding the potential licensing of DISH’s ABR patent portfolio. Please find attached exemplary claim charts showing how three of DISH’s ABR patents read on MindGeek’s streaming services. Are you available next week to discuss terms for a license to DISH’s portfolio?” Exhibit D; Exhibits E-G (claim charts).

48. The DISH exemplary claim charts asserted that the “Pornhub streaming services,” which include the accused pornhub.com and pornhubpremium.com websites, infringe claim 10 of the ’555 Patent, claim 1 of the ’156 Patent, and claim 14 of the ’138 Patent. Exhibits E-G.

49. On July 12, 2023, counsel for Aylo Freesites responded, “We confirm receipt of DISH’s claim charts for U.S. Patent No. 10,469,555; U.S. Patent No. 11,470,138; and U.S. Patent No. 10,757,156 (the “’156 Patent”). We note your prior letter only referenced the ’156 Patent. We’ll get back to you to arrange a call once we have had a chance to review the charts.” Exhibit J.

DISH's Initial Patent Assertion Campaign

50. Through 2022, DISH had filed numerous lawsuits to enforce the '555 Patent, '156 Patent, and related patents in the Northern District of California, Delaware, Eastern District of Texas, and at the ITC. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1:21-cv-00531-GBW (D. Del.) (asserting the '555 Patent and the '156 Patent as well as family member U.S. Patent Nos. 9,407,564; 10,469,554; and 10,951,680); *DISH Technologies L.L.C and Sling TV L.L.C. v. Lululemon Athletica Inc. et al*, No. 1:21-cv-00532-GBW (D. Del.) (same); *DISH Technologies L.L.C and Sling TV L.L.C. v. Peloton Interactive, Inc.*, No. 2-21-cv-00132-RJG (E.D. Tex.) (same); *DISH Technologies L.L.C. and Sling TV L.L.C. v. Univision Communications Inc.*, No. 1:19-cv-00144-LPS (D. Del.) (asserting family member U.S. Patent Nos. 7,818,444; 8,402,156; 9,071,668; and 9,407,564); *DISH Technologies L.L.C. and Sling TV L.L.C. v. Jadoo TV, Inc.*, No. 5:18-cv-05214-EJD (N.D. Cal.) (asserting family member U.S. Patent Nos. 7,818,444; 8,402,156; 9,071,668; and 9,407,564); *Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265 (ITC) (asserting the '555 Patent and the '156 Patent as well as family member U.S. Patent Nos. 9,407,564; 10,469,554; and 10,951,680).

Aylo Freesites' First Declaratory Judgment Action in Northern District of California

51. On July 25, 2023, Aylo Freesites filed a Declaratory Judgment action for non-infringement of the Asserted Patents in the Northern District of California of the accused pornhub.com website. *See MG Freesites Ltd. v. DISH Technologies LLC et al.*, No. 3:23-cv-03674-EMC (N.D. Cal.), D.I. 1 ("N.D. Cal. Action").

52. Nearly a month later on August 22, 2023, DISH filed their first patent infringement action in Utah against other Aylo entities (Aylo Premium Ltd and Aylo Billing

Limited) as well as non-Aylo entities, but not Aylo Freesites. DISH asserted the ’138 Patent and different related patents but not the ’156 Patent or the ’555 Patent. *See DISH Technologies LLC et al. v. MG Premium limited et al.*, No. 2:23-cv-00552-HCN (D. Utah), D.I. 1. Aylo Premium and Aylo Billing Limited’s deadline to answer or otherwise respond to the Utah complaint is currently stayed pending a motion to stay or transfer. *Id.*, D.I. 56.

53. After an amended complaint was filed and after extensive motions practice in the N.D. Cal. Action, Aylo Freesites’ DJ action was dismissed for lack of personal jurisdiction over DISH. *See MG Freesites Ltd. v. DISH Technologies LLC et al.*, No. 3:23-cv-03674-EMC (N.D. Cal.), D.I. 67.

DISH’s Continued Patent Assertion Campaign Targeting Delaware

54. In the months since Aylo Freesites filed its now-dismissed DJ complaint, DISH continued its patent assertion campaign in Delaware bringing five more patent infringement actions against at least five different Delaware-incorporated entities alleging infringement of the Asserted Patents. *See* Paragraphs 15-27.

The ’555 Patent

55. The ’555 Patent issued on November 5, 2019, and is entitled “Apparatus, System, and Method for Multi-Bitrate Content Streaming.” *See* Exhibit A.

56. Asserted claim 10 of the ’555 Patent is reproduced below.

> 10. A content player device to stream a video over a network from a server for playback of the video, the content player device comprising:
>
> a processor;
>
> a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to:

establish one or more network connections between the client module and the server, wherein the server is configured to access at least one of a plurality of groups of streamlets;

wherein the video is encoded at a plurality of different bitrates to create a plurality of streams including at least a low quality stream, a medium quality stream, and a high quality stream, wherein each of the low quality stream, the medium quality stream, and the high quality stream comprises a streamlet that encodes the same portion of the video at a different one of the plurality of different bitrates;

wherein at least one of the low quality stream, medium quality stream, and high quality stream is encoded at a bit rate of no less than 600 kbps; and

wherein the streamlet encoding the same portion of the video in the low quality stream has an equal playback duration as the streamlet encoding the same portion of the video in the high quality stream;

select a specific one of the streams based upon a determination by the client module to select a higher or lower bitrate version of the streams;

place a streamlet request to the server over the one or more network connections for the selected stream;

receive the requested streamlets from the server via the one or more network connections; and

provide the received streamlets for playback of the video.

The ’156 Patent

57. The ’156 Patent issued on August 25, 2020, and is entitled “Apparatus, System, and Method for Adaptive-Bitrate Shifting of Streaming Content.” *See* Exhibit B.

58. Asserted claim 1 of the ’156 Patent is reproduced below.

1. An apparatus for rendering a video that is adaptively received as a digital stream from a video server over a network, the apparatus comprising;

> a media player operating on the apparatus, wherein the media player is configured to stream the video from the video server via at least one transmission control protocol (TCP) connection over the network, wherein the video server stores multiple different copies of the video encoded at different bit rates as multiple sets of streamlets, wherein each of the streamlets yields a different portion of the video on playback, wherein the streamlets across the different copies yield the same portions of the video on playback, and wherein the streamlets in the different copies are aligned in time such that the streamlets that play back the same portion of the video for the different copies each begin at the same playback time in relation to the beginning of the video, and wherein the media player streams the video by:
>
> requesting sequential streamlets of one of the copies from the video server according to the playback times of the streamlets by transmitting hypertext transport protocol (HTTP) GET requests that identify the selected streamlets stored by the video server, wherein the sequential streamlets are selected by the media player from the based upon successive determinations to shift the playback quality to a higher or lower quality one of the different copies of the video;
>
> repeatedly generating, by the media player, a factor relating to the performance of the network that is indicative of an ability to sustain the streaming of the video;
>
> adapting the successive determinations to shift the playback quality based on the factor to achieve continuous playback of the video using the streamlets of the highest quality copy of the video that is determined to be sustainable at that time; and
>
> presenting the video for playback by providing the requested streamlets in order of ascending start time.

<u>The ’138 Patent</u>

59. The ’138 Patent issued on October 11, 2022, and is entitled “Apparatus, System, and Method for Multi-Bitrate Content Streaming.” *See* Exhibit C.

60. Asserted claim 14 of the ’138 Patent is reproduced below.

> 14. An end user station to stream a video over a network from a server for playback of the video, the end user station comprising:

a processor;

a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to:

> establish an internet connection between the end user station and the server, wherein the server is configured to access at least one of a plurality of groups of streamlets;
>
> wherein the video is encoded at a plurality of different bitrates to create a plurality of streams including at least a low quality stream, a medium quality stream, and a high quality stream, each of the low quality stream, the medium quality stream, and the high quality stream comprising a group of streamlets encoded at the same respective one of the different bitrates, each group comprising at least first and second streamlets, each of the streamlets corresponding to a portion of the video;
>
> wherein at least one of the low quality stream, the medium quality stream, and the high quality stream is encoded at a bitrate of no less than 600 kbps; and wherein the first streamlets of each of the low quality stream, the medium quality stream and the high quality stream each has an equal playback duration and each of the first streamlets encodes the same portion of the video at a different one of the different bitrates;

select a specific one of the low quality stream, the medium quality stream, and the high quality stream based upon a determination by the end user station to select a higher or lower bitrate version of the streams;

place a streamlet request to the server over the internet connection for the first streamlet of the selected stream;

receive the requested first streamlet from the server via the internet connection; and

provide the received first streamlet for playback of the video.

**COUNT I**
**(Declaratory Judgment of Noninfringement of the '555 Patent)**

61. Aylo repeats and re-alleges the allegations in Paragraphs 1-60 as though fully set forth here in their entirety.

62. By virtue of DISH's claim chart asserting infringement and DISH's litigation history involving the '555 Patent, an actual controversy exists between Aylo and DISH as to whether Aylo infringes claim 10 of the '555 Patent.

63. A valid and justiciable controversy thus has arisen and exists between Aylo and DISH within the meaning of 28 U.S.C. § 2201.

64. Specifically, in a July 7, 2023 letter, DISH provided an exemplary claim chart contending that the Accused Websites infringe claim 10 of the '555 Patent. *See* Exhibits D-E.

65. A prior DISH letter directed Aylo to review its recent success at the ITC. *See* Exhibit H.

66. At the ITC, DISH asserted claims 10 and 26 of the '555 Patent. *See Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265.

67. DISH has also repeatedly asserted the '555 Patent in this District. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1:21-cv-00531-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Lululemon Athletica Inc. et al*, No. 1:21-cv-00532-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Beachbody, LLC (d/b/a BODi)*, No. 1:23-cv-00987-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. A Parent Media Co. Inc. and A Parent Media Co. USA Inc.*, No. 1:23-cv-01000-GBW

(D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Yanka Industries, Inc. (d/b/a MasterClass)*, No. 1:23-cv-01305-GBW (D. Del.).

68. Aylo has not infringed and does not infringe at least claim 10 of the '555 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Websites.

69. By way of example only, DISH cannot show that the Accused Websites practice at least the following limitations of claim 10 of the '555 Patent: "place a streamlet request to the server over the one or more network connections for the selected stream," "receive the requested streamlets from the server via the one or more network connections," and "provide the received streamlets for playback of the video."

70. For example, the Accused Websites do not request multiple streamlets at one time.

71. Additionally, and by way of example only, DISH cannot show that the Accused Websites practice at least the following limitations of claim 10 of the '555 Patent: "[a] content player device to stream a video over a network from a server for playback of the video, the content player device comprising: a processor; a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to, . . ."

72. For example, the Accused Websites do not include "content player device" with "processor" and "digital processing apparatus memory device" because the Accused Websites are websites and Aylo does provide such hardware to end users.

**COUNT II**
**(Declaratory Judgment of Noninfringement of the '156 Patent)**

73. Aylo repeats and re-alleges the allegations in Paragraphs 1-72 as though fully set forth here in their entirety.

74. By virtue of DISH's claim chart asserting infringement and DISH's litigation history involving the '156 Patent, an actual controversy exists between Aylo and DISH as to whether Aylo infringes claim 1 of the '156 Patent.

75. A valid and justiciable controversy has arisen and exists between Aylo and DISH within the meaning of 28 U.S.C. § 2201.

76. Specifically, in a July 7, 2023 letter, DISH provided an exemplary claim chart contending that the Accused Websites infringe claim 1 of the '156 Patent. *See* Exhibits D, F.

77. A prior DISH letter directed Aylo to review its recent success at the ITC. *See* Exhibit H.

78. At the ITC, DISH asserted claim 1 of the '156 Patent. *See Certain Fitness Devices, Streaming Components Thereof, and Systems Containing Same*, Inv. No. 337-TA-1265.

79. DISH has also repeatedly asserted claim 1 of the '156 Patent in this District. *See DISH Technologies L.L.C and Sling TV L.L.C. v. ICON Health & Fitness, Inc.*, No. 1:21-cv-00531-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Lululemon Athletica Inc. et al*, No. 1:21-cv-00532-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Beachbody, LLC (d/b/a BODi)*, No. 1:23-cv-00987-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. A Parent Media Co. Inc. and A Parent Media Co. USA Inc.*, No. 1:23-cv-01000-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Yanka Industries, Inc. (d/b/a MasterClass)*, No. 1:23-cv-01305-GBW (D. Del.).

80. Aylo has not infringed and does not infringe at least claim 1 of the ’156 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Websites.

81. By way of example only, DISH cannot show that the Accused Websites practice at least the following limitations of claim 1 of the ’156 Patent: “[a]n apparatus for rendering a video that is adaptively received as a digital stream from a video server over a network,” “a media player . . . configured to stream the video from the video server via at least one transmission control protocol (TCP) connection,” “wherein the video server stores multiple different copies of the video encoded at different bit rates as multiple sets of streamlets,” and “requesting sequential streamlets of one of the copies from the video server according to the playback times of the streamlets by transmitting hypertext transport protocol (HTTP) GET requests that identify the selected streamlets stored by the video server.”

82. For example, Aylo does not have a single server performing each limitation of claim 1, including the above limitations. *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1317 (Fed. Cir. 2023) (“while the claim term ‘a microprocessor’ does not require there be only one microprocessor, the subsequent limitations referring back to ‘said microprocessor’ require that at least one microprocessor be capable of performing each of the claimed functions.”).

83. Additionally, and by way of example only, DISH cannot show that the Accused Websites practice at least the following limitation of claim 1 of the ’156 Patent: “requesting sequential streamlets of one of the copies from the video server according to the playback times of the streamlets.”

84. For example, the Accused Websites do not request streamlets "according to the playback times of the streamlets."

85. Further, and by way of example only, DISH cannot show that the Accused Websites practice at least the following limitations of claim 1 of the '156 Patent: "requesting sequential streamlets of one of the copies from the video server according to the playback times . . . that identify the selected streamlets stored by the video server, wherein the sequential streamlets are selected by the media player from the based upon successive determinations to shift the playback quality to a higher or lower quality one of the different copies of the video."

86. For instance, the Accused Websites do not request multiple streamlets at one time.

**COUNT III**
**(Declaratory Judgment of Noninfringement of the '138 Patent)**

87. Aylo repeats and re-alleges the allegations in Paragraphs 1-86 as though fully set forth here in their entirety.

88. By virtue of DISH's claim chart asserting infringement and DISH's litigation history involving the '138 Patent, an actual controversy exists between Aylo and DISH as to whether Aylo infringes claim 14 of the '138 Patent.

89. A valid and justiciable controversy has arisen and exists between Aylo and DISH within the meaning of 28 U.S.C. § 2201.

90. Specifically, in a July 7, 2023 letter, DISH provided an exemplary claim chart contending that the Accused Websites infringe claim 14 of the '138 Patent. *See* Exhibits D, G.

91. A prior DISH letter directed Aylo to review its recent success at the ITC. *See* Exhibit H.

92. DISH has also repeatedly asserted claim 14 of the ’138 Patent in this District. *See DISH Technologies L.L.C and Sling TV L.L.C. v. Beachbody, LLC (d/b/a BODi)*, No. 1:23-cv-00987-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. iFIT Health & Fitness, Inc. (f/k/a ICON Health & Fitness, Inc.)*, No. 1:23-cv-00963-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. A Parent Media Co. Inc. and A Parent Media Co. USA Inc.*, No. 1:23-cv-01000-GBW (D. Del.); *DISH Technologies L.L.C and Sling TV L.L.C. v. Yanka Industries, Inc. (d/b/a MasterClass)*, No. 1:23-cv-01305-GBW (D. Del.).

93. Aylo has not infringed and does not infringe at least claim 14 of the ’138 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through its making, use, sale, or offer for sale in, or importation into the United States of at least the Accused Websites.

94. By way of example only, DISH cannot show that the Accused Websites practice at least the following limitations of claim 14 of the ’138 Patent: “[a]n end user station to stream a video over a network from a server for playback of the video, the end user station comprising: a processor; a digital processing apparatus memory device comprising non-transitory machine-readable instructions that, when executed, cause the processor to, . . . select a specific one of the low quality stream, the medium quality stream, and the high quality stream based upon a determination by the end user station to select a higher or lower bitrate version of the streams.”

95. For example, the Accused Websites do not include an “end user station” with “processor” and “digital processing apparatus memory device” because the Accused Websites are websites and Aylo does provide such hardware to end users.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Aylo demands a jury trial on all issues and claims so triable.

## REQUEST FOR RELIEF

WHEREFORE, Aylo respectfully requests the Court to enter judgment in its favor and against Defendants and grant the following relief:

1. A declaration that the Accused Websites do not infringe, either directly or indirectly, under 35 U.S.C. § 271 (or any sub-section thereof) claim 10 of the ’555 Patent, claim 1 of the ’156 Patent, and claim 14 of the ’138 Patent, either literally or under the doctrine of equivalents;
2. A declaration that Aylo has not infringed and does not infringe, either directly or indirectly, under 35 U.S.C. § 271 (or any sub-section thereof) the above claims, either literally or under the doctrine of equivalents, based on Aylo’s purported making, having made, using, offering for sale, selling, and/or importing of the Accused Websites;
3. A declaration that Aylo has not willfully infringed the above claims;
4. That this case be found exceptional within the meaning of 35 U.S.C. § 285;
5. An award of costs, expenses, and reasonable attorneys’ fees incurred in connection with this action; and

6. Such other and further relief as the Court deems just and proper.

*<u>/s/ Kelly E. Farnan</u>*
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Plaintiff Aylo Freesites Ltd*

OF COUNSEL:
Frank M. Gasparo
Ralph A. Dengler
Ian G. Paquette
Parker G. Zimmerman
Venable LLP
151 W 42nd St., 49th Floor
New York, NY 10036
(212) 307-5500
fmgasparo@venable.com
radengler@venable.com
igpaquette@venable.com
pgzimmerman@venable.com

Dated: January 24, 2024